**RICHARD G. SCHNEEBECK**
**KHALE J. LENHART**
Hirst Applegate, LLP
1720 Carey Avenue, Suite 400
P. O. Box 1083
Cheyenne, WY 82003-1083
(307) 632-0541
FAX:  307-632-4999
rschneebeck@hirstapplegate.com
klenhart@hirstapplegate.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CATHY L. LANCE, } | |
| } | |
| Plaintiff, } | |
| } | |
| vs. } | Civil No. 11-CV-359F |
| } | |
| ROCKY L. EDMONDS ATTORNEY AT } | |
| LAW; ROCKY L. EDMONDS, } | |
| individually, COLLECTION LAW } | |
| CENTER, P.C., GERALD K. RUSSELL, } | |
| President, GERALD K. RUSSELL, } | |
| individually, and DOES 1-10, } | |
| } | |
| Defendants. } | |

### *DEFENDANT COLLECTION LAW CENTER P.C.'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT FOR CIVIL DAMAGES*

Defendant Collection Law Center, P.C. (hereinafter "Defendant") hereby answers *Plaintiff's Verified Complaint for Civil Damages* as follows:

1.      In answering paragraph 1, Defendant admits that this is an action for damages brought by the Plaintiff.  Further answering paragraph 1, Defendant denies any

violation of the Fair Debt Collection Practices Act and the Racketeer Influenced and Corrupt Organizations Act. Defendant denies all other allegations of paragraph 1 not specifically admitted herein.

2.      In answering paragraph 2, Defendant asserts that the allegations contained therein are legal conclusions to which no response is required. Further answering paragraph 2, Defendant states that the statutes cited therein speak for themselves. Further answering paragraph 2, Defendant denies that the Court has personal jurisdiction over Defendant.

3.      In answering paragraph 3, Defendant admits that it transacts business in the District. Further answering paragraph 3, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 3, and therefore denies the same.

4.      In answering paragraph 4, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4, and therefore denies the same.

5.      In answering paragraph 5, Defendant admits that Rocky L. Edmonds is an individual and attorney with Collection Law Center and that Edmonds does business in the forum state. Further answering paragraph 5, Defendant denies the remaining allegations contained therein.

6.      In answering paragraph 6, Defendant admits that Gerald F. Russell is an individual and attorney with Collection Law Center and that Russell does business in the forum state.  Further answering paragraph 6, Defendant denies the remaining allegations contained therein.

7.      In answering paragraph 7, Defendant admits that Collection Law Center is a professional corporation and that Collection Law Center does business in the state of Wyoming.  Defendant affirmatively states that Collection Law Center is a law firm with a collections practice.  Further answering paragraph 7, Defendant denies all other allegations contained therein.

8.      In answering paragraph 8, Defendant admits that Collection Law Center is a corporation with offices in Wyoming, Colorado, and Utah.  Defendant denies that Collection Law Center has any offices in Montana or Nebraska.  Further answering paragraph 8, Defendant admits that Rocky L. Edmonds is an employee of Collection Law Center.  Further answering paragraph 8, Defendant denies all remaining allegations contained therein.

9.      In answering paragraph 9, Defendant denies the allegations contained therein.

10.      In answering paragraph 10, Defendant states that the allegations of paragraph 10 are not directed to Defendant and are statements of intent that do not require a

response. To the extent that a response is required, Defendant denies the allegations contained in paragraph 10.

11. In answering paragraph 11, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

## BACKGROUND

12. In answering paragraph 12, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the claims contained in therein, and therefore denies the same.

13. In answering paragraph 13, Defendant denies that any "balance of fairness" is tipped against the Plaintiff. Further answering paragraph 13, Defendant admits that Russell and Edmonds are attorneys. Further answering paragraph 13, Defendant denies that it is the superior party in this dispute. Defendant denies all remaining allegations of paragraph 13.

14. In answering paragraph 14, Defendant states that the allegations contained therein are not directed to Defendant and therefore no response is required. To the extent a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 14, and therefore denies the same.

15.     In answering paragraph 15, Defendant states that the allegations contained therein are ambiguous, not directed to Defendant, and are legal conclusions to which no response is required. If a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15, and therefore denies the same.

16.     In answering paragraph 16, Defendant asserts that Plaintiff's allegation that the terms and condition establishing the legal duty of the parties are found within the four corners of the Agreement requires a legal conclusion to which no response is required. Further answering paragraph 16, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16, and therefore denies the same.

17.     In answering paragraphs 17, 18, 19, 20, 21, 22, 23, 24, 25 and 26, Defendant states that the allegations contained therein are not directed to Defendant and therefore no response is required. To the extent a response is required and the allegations in these paragraphs are directed to Defendant, Defendant denies the allegations contained therein.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

18.     In answering paragraphs 27, 28, 29, 30, 31, 32, and 33, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

19.     In answering paragraphs 34, 35, and 36, Defendant admits the allegations contained therein.

## FIRST CAUSE OF ACTION -
### Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.

20.     In answering paragraph 37, Defendant incorporates its answers to paragraphs 1 through 36 as if set for fully here.

21.     In answering paragraph 38, Defendant states that the allegations contained therein require a legal conclusion to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

22.     In answering paragraph 39, Defendant denies that it has done anything improper.  Further answering paragraph 39, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39, and therefore denies the same.

23.     In answering paragraph 40, Defendant states that the allegations contained therein require a legal conclusion to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40, and therefore denies the same.

24.     In answering paragraphs 41, 42 and 43, Defendant states that the allegations contained therein require legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 41, 42, and 43 and therefore denies the same.

25.     In answering paragraph 44, Defendant denies the allegations contained therein.

26.     In answering paragraph 45, Defendant states that the allegations contained therein require a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the claims contained in paragraph 45, and therefore denies the same.

27.     In answering paragraph 46, Defendant states that the allegations contained therein are not directed to Defendant and therefore no response is required. To the extent a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

28.     In answering paragraph 47, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

HIRST APPLEGATE, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 400
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

29.    In answering paragraphs 48 and 49, Defendant states that the allegations contained therein are not directed to Defendant and therefore no response is required. To the extent a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

30.    In answering paragraph 50, Defendant denies that it purchased Plaintiff's account. Further answering paragraph 50, Defendant states that the remaining allegations contained therein are not directed to Defendant and therefore no response is required. To the extent a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

31.    In answering paragraph 51, Defendant denies the allegations contained therein.

32.    In answering paragraphs 52, 52(a), 52(b), 52(c), 52(d), 52(e), 52(f), and 53, Defendant denies the allegations contained therein.

## SECOND CAUSE OF ACTION - RICO

33.    In answering paragraph 54, Defendant incorporates its answers to paragraphs 1 through 53 as if set forth fully here.

34.    In answering paragraph 55, Defendant states that the allegations contained therein require legal conclusions to which no response is required. To the extent a

response is required, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55, and therefore denies the same.

35.     In answering paragraph 56, Defendant states that the allegations contained therein require a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained therein.

36.     In answering paragraphs 57 and 58, Defendant states that the allegations contained therein are not directed to Defendant and therefore no response is required. To the extent a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 57 and 58, and therefore denies the same.

37.     In answering paragraph 59, Defendant admits that Collection Law Center's employee, Rocky Edmonds, was assigned to collect Plaintiff's debt. Further answering paragraph 59, Defendant admits that Edmonds attempted to have the arbitration award confirmed in Case # C05-113 on or about December 14, 2005, in the District Court of the Fifth Judicial District of and for Hot Springs County, Wyoming. Further answering paragraph 59, Defendant denies that Defendant Collection Law Center purchased Plaintiff's debt on or about February 15, 2005. Further answering paragraph 59, Defendant states that the remaining allegations are not directed to Defendant and that it lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 59, and therefore denies the same.

38.     In answering paragraph 60, Defendant admits the allegations contained therein.

39.     In answering paragraphs 61 and 62, Defendant states that the allegations contained therein are not directed to Defendant and therefore no response is required.  To the extent that a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 61 and 62, and therefore denies the same.

40.     In answering paragraph 63, Defendant states that Plaintiff's allegations that the statutory limit for jurisdiction in the District Court of the Fifth Judicial District was a maximum of $7,000.00 and that the Court's judgment was a nullity as a matter of law require legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies that the statutory limit on the District Court's jurisdiction was $7,000.00 at the time the Complaint was filed and denies that the District Court's judgment was a nullity as a matter of law.  Further answering paragraph 63, Defendant admits that the amount claimed in the Complaint exceeded $45,000.00. Defendant denies all other allegations not specifically admitted herein.

41.     In answering paragraph 64, Defendant states that the case cited by the Plaintiff speaks for itself.  Further answering paragraph 64, Defendant states that Plaintiff's

assertion that the District Court lacked jurisdiction and that the District Court's judgment was a nullity are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained therein.

42.    In answering paragraph 65, Defendant denies the allegations contained therein.

43.    In answering paragraphs 66, 67, 68, 69, 70, 71, 72, 73, 74, 74(a), 74(b), 74(c), and 75, Defendant denies the allegations contained therein.

### THIRD CAUSE OF ACTION - Violation of W.S. 1-15-502

44.    In answering paragraph 76, Defendant incorporates its answers to paragraphs 1 through 75 as if set forth fully here.

45.    In answering paragraph 77, Defendant states that Wyoming Statute 1-15-502(b) speaks for itself.

46.    In answering paragraphs 78 and 79, Defendant denies the allegations contained therein.

### FOURTH CAUSE OF ACTION – Fraud on the Court

47.    In answering paragraph 80, Defendant incorporates its answers to paragraphs 1 through 79 as if set forth fully here.

48.    In answering paragraph 81, Defendant denies that it made any false representation of facts to the Court. Further answering paragraph 81, Defendant states that the remaining allegations contained therein require legal conclusions to which no response is

required.  To the extent that a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 81, and therefore denies the same.

49.    In answering paragraphs 82, 83, and 84, Defendant states that the allegations contained therein contain statements of the law to which no response is required. To the extent that a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 82, 83, and 84, and therefore denies the same.

50.    In answering paragraphs 85, 86, 87, 88, 89, and 90, Defendant denies the allegations contained therein.

51.    In answering the Conclusion, Defendant denies the allegations contained therein.

### AFFIRMATIVE DEFENSES

1.    Defendant alleges that Plaintiff's Complaint fails to state a claim against it upon which relief can be granted.

2.    Defendant states that Plaintiff's claims are or may be barred by the doctrine of waiver, laches, estoppel, judicial estoppel, and/or unclean hands.

3.    Defendant alleges insufficiency of service of process on the Defendant.

4.    Defendant alleges lack of personal jurisdiction over Defendant.

5.      Defendant alleges that Plaintiff's claims are barred by the statute of limitations.

6.      Defendant states that there is no causal relationship between the acts alleged and the damages alleged.

7.      Defendant states that Plaintiff's alleged injuries and damages, if any, were solely and proximately caused by superseding, unforeseeable, and intervening acts, conduct, or fault of third persons, parties, firms, entities and corporations over whom Defendant did not have control or right of control and for whom Defendant is not legally responsible.

8.      Defendant alleges that Plaintiff has failed to join an indispensible party.

9.      Defendant asserts that the imposition of punitive damages against Defendant would violate its constitutional rights under the United States Constitution, including the Due Process Clause in the Fifth Amendment and Fourteenth Amendment.

10.     Defendant asserts that Plaintiff has failed to plead her claims with sufficient particularity.

11.     Defendant asserts that it has not violated the Fair Debt Collection Practices Act.

12.     Defendant asserts the bona fide error defense.

13.     Defendant asserts that Plaintiff has not suffered any damages.

14.    Defendant asserts that if Plaintiff has suffered any damages, she has failed to mitigate them.

15.    Defendant asserts that every action taken by Defendant was undertaken in good faith.

16.    Defendant asserts that it is not an enterprise for purposes of RICO.

17.    Defendant asserts that Plaintiff failed to plead, and her allegations fail to show, a pattern of racketeering activity.

18.    Defendant asserts that Plaintiff failed to plead, and her allegations fail to show, that the RICO "defendants" are separate from the RICO "enterprise" and that the alleged "enterprise" is separate from the alleged "pattern of racketeering activity."

19.    Defendant asserts that Plaintiff's RICO claims lack adequate duration and continuity.

20.    Defendant asserts that Plaintiff's RICO claims and allegations fail to show that an "enterprise" existed.

21.    Defendant asserts that Plaintiff's claims and allegations fail to allege or establish any RICO predicate acts.

22.    Defendant asserts that Plaintiff cannot show that she suffered a racketeering injury.

23.    Defendant asserts that Plaintiff cannot satisfy the proximate cause requirement of a RICO claim.

24.    Defendant asserts that Plaintiff lacks standing to assert a claim for fraud on the court.

25.    Defendant asserts that it did nothing to violate W.S. 1-15-502.

26.    Defendant asserts that W.S. 1-15-502 does not create a private cause of action.

27.    Defendant expressly reserves the right to amend, delete, and/or add additional defenses as further investigation and discovery may warrant.

*WHEREFORE*, Defendant denies that Plaintiff is entitled to any relief and respectfully prays that the Court dismiss with prejudice all allegations and claims asserted against it in Plaintiff's Complaint, award it costs of suit, attorneys' fees if warranted pursuant to U.S.C.S. § 1692(k), and grant it any other relief that this Court deems proper.

Dated:  10 February 2012.

COLLECTION LAW CENTER, P.C.,
Defendant

BY: _____
RICHARD G. SCHNEEBECK, #5-2395
KHALE J. LENHART, #7-4581
OF HIRST APPLEGATE, LLP
Attorneys for Defendant Collection Law
Center, P.C.
1720 Carey Avenue, Suite 400
P. O. Box 1083
Cheyenne, WY 82003-1083
(307) 632-0541

## *CERTIFICATE OF SERVICE*

I certify the foregoing *Defendant Collection Law Center's Answer to Plaintiff's Verified Complaint for Civil Damages* was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 10 February 2012, and that copies were served as follows:

Cathy L. Lance
4006 Inverness Court
Riverton, WY 82501
rlance@bresnan.net

[ ✓ ] U.S. MAIL
[   ] FED EX
[   ] FAX
[   ] HAND DELIVERED
[   ] ELECTRONIC MAIL

OF HIRST APPLEGATE, LLP
Attorneys for Defendant Collection Law Center, P.C.