FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2012 MAR 20 AM 10 24

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

| | |
|---|---|
| CATHY LANCE, <br><br> Plaintiff, <br><br> vs. <br><br> ROCKY L. EDMONDS ATTORNEY AT LAW; ROCKY L. EDMONDS, individually, COLLECTION LAW CENTER, P.C., GERALD K. RUSSELL, President, GERALD K. RUSSELL, individually, and DOES 1-10, <br><br> Defendants. | Case No. 11-CV-359-F |

---

### ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

---

This matter is before the Court on Plaintiff's motion to strike Defendant's answer and Defendant's affirmative defenses. On November 21, 2011, Plaintiff filed a complaint alleging claims under the Fair Debt Collection Practices Act, Racketeer Influenced and Corrupt Organization Act, violation of Wyo. Stat. 1-15-505(b) (Illegal garnishments), and Fraud on the Court. On February 10, 2012, Defendant Collection Law Center PC filed an answer to Plaintiff's complaint. Defendant answered Plaintiff's complaint like every other

answer filed in this Court. Defendant admitted certain allegations, stated "that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs xx, and therefore denies the same," and stated "no answer is required" to respond to Plaintiff's allegations.

On February 29, 2012, Plaintiff filed a motion to strike Defendant's answer because portions of the Answer "contain sham and evasive responses of matters that are presumed to be within the actual or presumed knowledge of the Defendant and/or matters of public record." (Pl.'s Mot. to Strike, ECF No. 15, at 2). Plaintiff takes issue with two types of denials by Defendant. First, Plaintiff seeks to strike the phrases "to the extent that a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs xx, and therefore denies the same." Second, Plaintiff seeks to strike the phrase "no answer is required" which Plaintiff claims Defendant used over 15 times. Additionally, Plaintiff seeks to dismiss Defendant's affirmative defenses because Defendant did not provide any factual support for the affirmative defenses.

## DISCUSSION

Plaintiff seeks to dismiss Defendant's answer and affirmative defenses pursuant to Fed. R. Civ. P. 12(f). Rule 12(f) states "[t]he Court may strike from a pleading an insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter."

>(1) **In General.** In responding to a pleading, a party must:
>
>>(A) state in short and plain terms its defenses to each claim asserted against it; and
>>
>>(B) admit or deny the allegations asserted against it by an opposing party.
>
>. . .
>
>(2) **Denials- Responding to the Substance.** A denial must fairly respond to the substance of the allegation.
>
>...
>
>(5) **Lacking Knowledge or Information.** A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state and the statement has the effect of a denial.

Fed. R. Civ. P. 8(b).

### A. Motion to Strike Defendant's Answer

Plaintiff cites California state cases, all decided before 1966, for the proposition that the Court should strike Defendant's answer because the responses are evasive and are matters within the actual or presumed knowledge of Defendant and or public records. After reviewing Plaintiff's motion, Defendant's response, and being fully informed, the Court finds Plaintiff's arguments lack merit.

First, there is no indication that anything in Defendant's answer is redundant, immaterial, impertinent, or scandalous matter, sufficient for the Court to strike from the Answer. Defendant responded to Plaintiff's complaint in the same manner as almost every other defendant in federal court. Defendant admitted certain allegations, denied certain allegations, claimed no response was necessary on certain allegations, and stated that it lacked sufficient information for certain responses. These are routine responses to a complaint. "To the extent Plaintiffs are convinced that their documentation disproves said denial, they are welcome to seek a resolution of the dispute on the merits." *Tanner v. Johnston*, No. 11-CV-28 TS, 2011 U.S. Dist. LEXIS 139253, at *7 (D. Colo. Dec. 2, 2011). However, the Court will not strike Defendant's answer simply because Plaintiff believes certain responses are not true. Moreover, many courts within the Tenth Circuit have addressed identical arguments and reached the same results. *See id.*; *Crumpton v. Finnin*, No. 05-cv-00653-MSK-PAC, 2007 U.S. Dist. LEXIS 67151, at *30-31 (D. Colo. Sept. 11, 2007); *United States v. TECT Aerospace, Inc.*, 2011 U.S. Dist. LEXIS 66012 (D. Kan. June 21, 2011).

**B. Affirmative Defenses.**

Plaintiff also seeks to strike all of Defendant's affirmative defenses. Federal Rules of Civil Procedure 8(b) and (c) govern the sufficiency of affirmative defenses under the

notice pleading system. *Wilhelm v. TLC Lawn Care, Inc.*, 2008 U.S. Dist. LEXIS 13221, at *4 (D. Kan. Feb. 19, 2008). All that is required from the Defendant is a short and plain statement of the nature of the defense. "Under Rule 12(f), Fed. R. Civ. P., the Court may strike any insufficient defense. A defense is insufficient if it cannot succeed, as a matter of law, under any circumstances." *Id.* "The Court should decline to strike material from a pleading unless the material has no possible relation to the controversy and may prejudice the opposing party." *Id.* at 5. Moreover, "Rule 8(c), which provides the requirements for pleading affirmative defenses, does not require factual support." *Lane v. Page*, 272 F.R.D. 581, 582 (Dist. N.M. 2011) (also stating that heightened pleading standard from *Twombly* and *Iqbal* does not apply to affirmative defenses).

After reviewing Defendant's affirmative defenses, the Court finds that Defendant's affirmative defenses are not impossible under any circumstances. Moreover, Plaintiff has not demonstrated any prejudice from any of Defendant's affirmative defenses. Plaintiff states "the defenses will protract and complicate the litigation and, thereby prejudice the plaintiff." (Pl.'s Mot. to Strike, ECF No. 15, at 3). However, simply because Defendant may have more defenses to Plaintiff's claims does not mean Plaintiff will be prejudiced.

Finally, to the extent Plaintiff claims Defendant's affirmative defenses do not provide enough factual support, this position is not supported by any Tenth Circuit authority. In

contrast to Plaintiff's contentions, many cases have held that the heightened pleading standards from *Twombly* and *Iqbal* are not applicable to affirmative defenses. *See Lane*, 272 F.R.D. at 582; *UniCredit Bank AG v. Bucheli*, 2011 U.S. Dist. LEXIS 103104 (D. Kan. Sept. 12, 2011). Thus, Plaintiff's arguments lack merit and the Court will not strike Defendant's affirmative defenses.

### C. U.S.D.C.L.R. 7.1(b)(1)(A).

Plaintiff contends she complied with U.S.D.C.L.R. 7.1(b)(1)(A). In her motion, Plaintiff includes the statement "Cathy L. Lance hereby certifies that she conferred with Defendant's Counsel and Defendant have been unable or unwilling to agree upon the issues raised in this motion." (Pl.'s Mot. to Strike, ECF No. 14, at 1). Defendant contends Plaintiff never conferred and Plaintiff misrepresented this fact to the Court.

> Any party proceeding on his or her own behalf without an attorney shall be expected to read and be familiar with both the Local Rules of this Court and with the Federal Rules of Civil Procedure . . . and to proceed in accordance therewith. Copies of such Rules shall be available for review at the Office of the Clerk of Court.

U.S.D.C.L.R. 83.12.2. The Court will remind Plaintiff that by signing any documents submitted to the Court, Plaintiff represents that the facts contained within that document are true to the best of Plaintiff's knowledge. Fed. R. Civ. P. 11(b). "The rule continues to require litigant to 'stop-and-think' before initially making legal or factual contentions. It

also, however, emphasizes the duty of candor by subjecting litigants to potential sanctions . . ." *Id.* (1993 Amendments). At this point, the Court is not reaching a conclusion regarding the alleged misrepresentations to the Court. Rather, the Court is taking this opportunity to remind the parties of their duty of candor under Rule 11 and the possibility of sanctions for misrepresentations to the Court.

Dated this 19 day of March, 2012.

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE