UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2012 JUL 19  AM 10 43

STEPHAN HARRIS, CLERK
CASPER

CATHY L. LANCE, )
                               )
            Plaintiff, )
                               )
vs. )
                               )
ROCKY L. EDMONDS ATTORNEY AT )
LAW; ROCKY L. EDMONDS, individually, )
COLLECTION LAW CENTER, P.C., )
GERALD K. RUSSELL, President, GERALD )
K. RUSSELL, individually, and DOES 1-10; )
                               )
            Defendants. )
                               )

Case No.: 11CV359F

PLAINTIFF'S RESPONSE TO COURT'S
ORDER TO SHOW CAUSE
DATED JULY 5, 2012

Plaintiff (or Lance) provides below a timely response to the Court's Show Cause Order dated, July 5, 2012, requiring "Plaintiff to Show Cause why Rocky L. Edmonds and Gerald K. Edmonds (sic) should not be dismissed by July 20, 2012," and in support thereof, respectfully states as follows:

## INTRODUCTION

1.    This is an action for damages brought by an individual consumer, Plaintiff, for Defendants' violations, *inter alia*, of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") plead in harmony with violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. 1962 et seq.

2.    This case began strangely and continues to be strange. Judge Nancy Freudenthal has, in the opinion of Plaintiff, shown bias, which appears to have its origin in an arbitration matter over which she presided regarding essentially this same matter on or about August 12,

2005. See Exhibit A. At that time, although Lance inartfully objected to the arbitration on jurisdictional grounds, Judge Freudenthal ignored Lance's objection and rendered a decision against Lance. Judge Freudenthal had a duty under U.S. v. Hays, 515 U.S. 737 to make an inquiry reasonable under the circumstances. No such inquiry was made. The Hays Court opined, "The question of standing is not subject to waiver, however: 'We are required to address the issue even if the courts below have not passed on it, and even if the parties fail to raise the issue before us. The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines." Now Judge Freudenthal is again the trier of fact. The appearance of bias is unavoidable on two fronts as follows: 1) She does not want the case to go forward because of the prior "decision," which maybe called into focus, and 2) Defendants Edmonds and Russell are fellow bar members, co-workers, if not friends. The appearance of bias is manifest in Judge Freudenthal's denial of Lance's Default Judgment on the ground of improper service. Certified Mail has long been accepted as proper service because it is reasonably calculated to give the Defendant adequate notice of a claimants claim(s). The IRS, Federal Marshal and municipalities all make prolific use of certified mail to effect service of process.

## STANDARD

3. "The fundamental requisite of due process of law is the opportunity to be heard. "*Grannis* v. *Ordean*, 234 U. S. 385, 394 (1914). And the "right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest," *Mullane v. Central Hanover Bank & Trust Co.*, 339 U. S. 306 (1950),. Personal service guarantees actual notice of the pendency of a legal action; it thus presents the ideal circumstance under which to commence legal proceedings against a

person, and has traditionally been deemed necessary in actions styled in personam. Personal service guarantees actual notice of the pendency of a legal action. *McDonald v. Mabee*, 243 U. S. 90, 92 (1917). The Due Process Clause does prescribe a constitutional minimum: "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is <u>notice reasonably calculated, under all the circumstances, to apprise interested parties of the 450*450 pendency of the action and afford them an opportunity to present their objections."</u> *Mullane*, 339 U. S., at 314 (emphasis added). It is against this standard that the Court must evaluate the procedures employed in this case.

## STATEMENT OF FACTS

4. Plaintiff is Cathy L. Lance; defendants are Rocky L. Edmonds, Rocky L. Edmonds, individually, Collection Law Center, P.C., Gerald K. Russell, President, and Gerald K. Russell, individually.

5. On January 23, 2012 plaintiff served on Defendants a Complaint with the following causes of action:

   a. Fair Debt Collection Practices Act violations
   b. Racketeering Influenced Corrupt Organizations (RICO) Act violations
   c. W.S. 1-15-502 violations
   d. Fraud on the Court

6. Defendants served on Plaintiff their Answer and Affirmative Defenses on March 14, 2012.

7. On or about March 19, 2012 Plaintiff served on Defendants, Plaintiff's First Discovery Requests

8. On or about April 23, 2012 Plaintiff received Defendant's discovery responses.

9. On or about June 18, 2012 Plaintiff sent a Meet and Confer Letter to Defendants.

10. On or about June 26, 2012, Plaintiff received a letter unresponsive to Plaintiff's Meet and Confer Letter.

## LAW AND ARGUMENT

11. Under Federal Rules of Civil Procedure 4(h)(1)(A), a corporation may be served in a manner prescribed by Rule 4(e)(1). Federal Rule of Civil Procedure 4(e)(1) provides that service may be completed by <u>following the state law</u> for serving a summons in the state where the district court is located or where service is made. Wyoming law allows a corporation to be served by "(1) by delivery of copies to <u>any</u> officer, manager, general agent, or agent for process. If no such officer, manager or agent can be found in the county in which the action is brought such copies may be delivered to <u>any</u> agent or employee found in such county. Wyoming Rules of Civil Procedure, Rule 4(d)(4). [Emphasis added]

12. The <u>method</u> (regular mail, certified mail, registered mail, process server, etc.) by which service is accomplished is not prescribed, nor is there a limitation on who must serve process.

13. In *Velazquez v. Thompson*, 451 F. 2d 202, 205 (CA2 1971), in a forcible entry and detainer action occurring in Kentucky, the Court noted that "in New York § 454.030, which provides that when notice is served by posting, a copy of the petition must be sent by registered or certified mail within a day of the posting." Certified mail was reasonably calculated to strengthen the shortcomings and deficiencies in posting upon the premises of such notice. "Notice by mail in the circumstances of this case would surely go a long way toward providing the constitutionally required assurance that the State has not allowed its power to be invoked against a person who has had no opportunity to present a defense despite a continuing interest in

the resolution of the controversy." *Greene v. Lindsey*, 456 U.S. 445 (1982). In *Levin v. Ruby Trading Corporation*, 248 F. Supp. 537 - Dist. Court, SD New York 1965, the court ordered service by ordinary mail. "[T]he mails today are recognized as an efficient and inexpensive means of communication." Mulane, Supra at 318. "As noted by the Court of Appeals, and as we noted in *Mullane*, the mails provide an "efficient and inexpensive means of communication," *id.*, at 319, upon which prudent men will ordinarily rely in the conduct of important affairs," *id.*, at 319-320. "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests . . . if [the party's] name and address are reasonably ascertainable." *Mennonite Bd. of Missions v. Adams*, 462 US 791 (1983)

14.     It is apparent to any competent jurist that certified mail service of process is not only not prohibited, it has been abundantly used by our courts. In *SEC v. Tome*, 833 F.2d 1086, 1094 (2d Cir.1987) "Trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, **email**."

15.     Plaintiff has used certified mail AND service through a commercial process server, which this Court does not even mention in its Order to Show Cause.

## CONCLUSION

Proper notice has been served TWICE on Defendants in a manner reasonably calculated to provide an opportunity for Defendants to defend against the factual allegations asserted by Plaintiff.

## RELIEF SOUGHT

For the reasons stated herein Plaintiff urges this Court to accept Plaintiff's response as good cause and move forward on the merits.

Prepared and signed July 18, 2012 by:

*Cathy L. Lance*
Cathy L. Lance
4006 Inverness Ct.
Riverton, WY  82501
307-463-2064
rlance@bresnan.net

## AFFIDAVIT

I, Cathy L. Lance, Affiant, being duly sworn, depose and state that I am competent to state the matters herein and each fact stated below is based upon personal knowledge, and if called to testify to the matters herein I would testify to the following facts:

1) On November 21, 2011, Affiant filed with the United States District Court for the District of Wyoming in Casper, Wyoming a summons and complaint naming Rocky L. Edmonds, individually and Rocky L. Edmonds, attorney at law, Gerald K. Russell, individually and Collection Law Center, Gerald K. Russell, president for civil damages.

2) Deany Fondren, deputy clerk, processed the paperwork and assigned 11CV359F as the case number and Judge Nancy Freudenthal would be hearing our case.

3) Affiant went to the Casper, Wyoming post office on November 21, 2011 and sent the filed summons and complaint to Rocky L. Edmonds and Gerald K. Russell by certified mail.

4) Affiant received delivery confirmation on November 22, 2011 for Rocky L. Edmonds and Gerald K. Russell by signature of D. Welcher. See Exhibit B.

5) On December 29, 2011, Affiant sent a Plaintiff's Request for Entry of Default & Default Judgment to the United States District Court for the District of Wyoming in Casper, Wyoming via certified mail. Affiant received confirmation of delivery on December 30, 2011 by D. Smith.

6) On January 6, 2012, Affiant received a conformed copy of the Default and Default Judgment filed December 30, 2011 from the United States District Court for the District of Wyoming.

7) On January 6, 2012, Affiant received a mailing from Hirst Applegate, LLP, Law Offices, 1729 Carey Avenue, Suite 400, P.O. Box 1083, Cheyenne, WY 82003-1083. This mailing was Defendant's Opposition to Entry of Default and Default Judgment, which also included an Order Denying Plaintiff's Request for Entry of Default and Default Judgment by Nancy D. Freudenthal, Chief Judge, United States District Court.

8) On January 6, Affiant received from Hirst Applegate, LLP, Khale J. Lenhart mailed a Limited Entry of Appearance.

9) On January 8, 2012, Affiant called the United States District Court for the District of Wyoming in Casper, Wyoming and spoke to Julie. Affiant asked her if Judge Freudenthal had made a decision on my plaintiff's request for Entry of Default and Default Judgment. She stated that Judge Freudenthal had ruled and denied my request.

10) Affiant asked Julie to fax the decision to me and she complied.

11) On January 8, 2012, Affiant mailed by certified mail Return of Service for proof of delivery confirmation for Case Number 11CV359F to the United States District Court for the District of Wyoming..

12) On January 9, 2012, Judge Nancy Freudenthal sent an Order Denying Plaintiff's Request for Entry of Default and Default Judgment.

13) On January 9, 2012, Affiant called the United States District Court for the District of Wyoming and spoke to Julie. I requested information about re-filing Case No. 11-CV-35-F. Julie said I could use the summons with the court seal for the process service.

14) On January 23, 2012, Tim Weinhandl, a commercial process server, served Rocky Edmonds and Gerald Russell at 406 6th Street, Rawlins, Wyoming (Collection Law Center) a

Summons and Complaint. Jolene Schinkel, business manager, accepted the service of process for Rocky Edmonds, Gerald Russell and Collection Law Center.

15) On February 1, 2012, Tim Weinhandl delivered to Affiant the Return of Service for Rocky Edmonds and Gerald Russell and filed it with the United States District Court for the District of Wyoming, Stephan Harris, Clerk. See Exhibit C

16) On July 5, 2012, Affiant received a mailing from the United States District Court for the District of Wyoming Order to Show Cause from Nancy D. Freudenthal, Chief United States District Judge.

17) On July 11, 2012, Affiant received an Affidavit of Tim Weinhandl confirming delivery of summons and complaint for Rocky Edmonds and Gerald Russell. See Exhibit D.

This affidavit is made on July 18, 2012 in good faith and under penalty of perjury in the State of Wyoming that the above statements are true and correct to the best recollection of the Affiant.

*Cathy L. Lance* (signature)
Cathy L. Lance

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF WYOMING            )
                            ) ss
COUNTY OF FREMONT COUNTY    )

Before me, the undersigned, a Notary Public in and for said County and State on this 18th day of July, 2012, personally appeared Cathy L. Lance to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.

My commission expires: 6-26-16

_Carrie Jones_____ Notary Public

```
Carrie Jones - Notary Public
County of          State of
Fremont            Wyoming
My Commission Expires June 26, 2016
```

## CERTIFICATE OF SERVICE

On the 18th day of July, 2012, I sent by First Class Mail Plaintiff's Response to the Court's Show Cause dated July 5, 2012 to the parties and by the method shown in the table below:

| | |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING<br>Attn.: Court Clerk<br>Ewing T. Kerr Federal Building and U.S. Courthouse,<br>111 South Wolcott<br>Casper, WY 82601 | CERTIFIED MAIL |
| HIRST APPLEGATE, LLP<br>Khale J. Lenhart<br>1720 Carey Avenue, Suite 400<br>P.O. Box 1083<br>Cheyenne, Wyoming 82003 | CERTIFIED MAIL |

I declare under penalty of perjury under the laws of the State of Wyoming that the above is true and correct.

Prepared and signed this 18th day of July, 2012 by:

_(signed)_
Cathy L. Lance

Exhibit A



# NATIONAL ARBITRATION FORUM



MBNA America Bank, N.A.
c/o Wolpoff & Abramson, L.L.P.
Attorneys in the Practice of Debt Collection
702 King Farm Blvd, Two Irvington Centre
Rockville, MD 20850-5775

CLAIMANT(s),

RE: **AWARD**
MBNA America Bank, N.A. v Cathy L Lance & Ron Lance
File Number: FA0502000423673
Claimant File Number: 749743511061 30

Cathy L Lance
P.O. Box 1022
Thermopolis, WY 82443-3119

Ron Lance
P.O. Box 1022
Thermopolis, WY 82443-3119

RESPONDENT(s).

The undersigned Arbitrator in this case FINDS:

1. That no known conflict of interest exists.
2. That on or before 02/17/2005 the Parties entered into an agreement providing that this matter shall be resolved through binding arbitration in accordance with the Forum Code of Procedure.
3. That the Claimant has filed a Claim with the Forum and served it on the Respondent in accordance with Rule 6.
4. That the Respondent has filed a Response with the Forum and served it on the Claimant.
5. That the matter has proceeded in accord with the applicable Forum Code of Procedure.
6. The Parties have had the opportunity to present all evidence and information to the Arbitrator.
7. That the Arbitrator has reviewed all evidence and information submitted in this case.
8. That the information and evidence submitted supports the issuance of an Award as stated.

**Therefore, the Arbitrator ISSUES:**
An Award in favor of the **Claimant**, for a total amount of **$43,532.95**.

Entered in the State of Wyoming

*Nancy D. Freudenthal*
Nancy D. Freudenthal, Esq.
Arbitrator

Date: 08/12/2005

**ACKNOWLEDGEMENT AND CERTIFICATE OF SERVICE**

This Award was duly entered and the Forum hereby certifies that a copy of this Award was sent by first class mail postage prepaid to the Parties at the above referenced addresses, or their Representatives, on this date.

Honorable Harold Kaling, Ret.
Director

## Receipt 1

**SENDER: COMPLETE THIS SECTION**
- Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Rocky L. Edmonds
   402 6th Street
   PO Box 1470
   Rawlins, WY 82301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X D Welcher — ☒ Agent / ☐ Addressee

B. Received by (Printed Name): D Welcher
C. Date of Delivery: 1/22/11

D. Is delivery address different from item 1? ☐ Yes ☐ No

3. Service Type: ☒ Certified Mail ☐ Express Mail ☐ Registered ☐ Return Receipt for Merchandise ☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7011 1570 0002 9962 1999

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540

## Receipt 2

**SENDER: COMPLETE THIS SECTION**
- Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Gerald K. Russell
   402 6th Street
   PO Box 1470
   Rawlins, WY 82301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X D Welcher — ☒ Agent / ☐ Addressee

B. Received by (Printed Name): D Welcher
C. Date of Delivery: 1/22/11

D. Is delivery address different from item 1? ☐ Yes ☐ No

3. Service Type: ☒ Certified Mail ☐ Express Mail ☐ Registered ☐ Return Receipt for Merchandise ☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7011 1570 0002 9962 1982

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540

Exhibit C

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

FEB - 1 2012

Stephan Harris, Clerk
Casper

AO440 (Rev. 8/01) Summons in a Civil Case

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me | DATE 1-23-12 |
|---|---|
| NAME OF SERVER (PRINT) _Weinbcudl_ | TITLE — |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _Served Jolene Schinkel, Business Manager for Collection Ind Collection Center 766 6th St Rawlins Wy  For Rocky L Edmonds_

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _1-23-12_
Date

Signature of Server

Address of Server: _PO Box 2847 Mills WY 82644_

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

FEB - 1 2012

Stephan Harris, Clerk
Casper

AO440 (Rev. 8/01) Summons in a Civil Case

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me | DATE 1-23-12 |
| NAME OF SERVER (PRINT) Tim Weinhendl | TITLE — |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify): Served Jolene Schintel, Business Manager for Collection Law Collection Center 406 6th St. Rawlins WY. For Gregg Kleesell

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 1-23-12
Date

Signature of Server

P.O. Box 2847 Mills WY 82644
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

07/11/12 03:13PM MDT Inv Resources of WY LLC -> XXXXXXXXXXXX Page 16 of 17    15129495121
Pg 1/2    Case 1:11-cv-00359-SWS  Document 21  Filed 07/19/12  Page 16 of 17

Exhibit D

# Inv Resources of WY LLC

Phone: 307-234-9400
Fax: 866-582-5881



| To: Norm Redhead | From: Tim Weinhandl |
|---|---|
| Fax: 1-512-949-5121 | Pages: 2 |
| Re: Lance case | Date: July 11, 2012 |

Ron and Cathy wanted me to fax this to you.   Tim

341 east E street suite 200, Casper, Wyoming 82601

Brought to you by SmartFax™

STATE OF WYOMING )
) ss.
COUNTY OF NATRONA )

### AFFFIDAVIT OF TIM WEINHANDL

The undersigned, Tim Weinhand, being of lawful age and being first duly sworn upon his oath, deposes and states the following:

1. On January 23, 2012 I Tim Weinhandl went to 406 6th Street Rawlins Wyoming (Collection Center, Collection Law ) to serve summons and complaints for Gerald Russell and Rocky Edmonds.
2. I was greeted by a female later identified as Jolene Schinkel. I asked for Rocky Edmonds and Gerald Russell. Schinkel stated Edmonds was not in and she went to check on Russell.
3. Schinkel returned and stated Russell was also not in. Schinkel asked if she could help and I requested a manager.
4. Schinkel then stated she was the Business Manager. I then told Schinkel I had a summons and compliant for both Rocky Edmonds and Gerald Russell.
5. Schinkel then stated she would take them and I gave Schinkel the summons and complaints for Rocky Edmonds and Gerald Russell.
6. Schinkel was reading the summons and complaints and I confirmed with her that she was accepting service for Rocky Edmonds and Gerald Russell and she stated "yes".
7. I then asked Schinkel for her name and she stated her name was Jolene Schinkel. I then asked her to please spell her name so I could put it on the return and she did.

FURTHER YOUR AFFIANT SAYETH NOT.

DATED this 11 day of July, 2012

_____
Tim Weinhandl

STATE OF WYOMING )
) ss.
COUNTY OF NATRONA )

Subscribed and sworn to me before me by Tim Weinhandl, this 11 day of July, 2012.

WITNESS my hand and official seal.

Wendy A Matteau

MY COMMISSION EXPIRES: 10-10-13

