**RICHARD G. SCHNEEBECK, #5-2395**
**KHALE J. LENHART, #7-4581**
Hirst Applegate, LLP
1720 Carey Avenue, Suite 400
P. O. Box 1083
Cheyenne, WY 82003-1083
(307) 632-0541
FAX: 307-632-4999
rschneebeck@hirstapplegate.com
klenhart@hirstapplegate.com

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| CATHY L. LANCE, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | Civil No. 11-CV-359-S |
| | } | |
| ROCKY L. EDMONDS ATTORNEY AT | } | |
| LAW; ROCKY L. EDMONDS, | } | |
| individually, COLLECTION LAW | } | |
| CENTER, P.C., GERALD K. RUSSELL, | } | |
| President, GERALD K. RUSSELL, | } | |
| individually, and DOES 1-10, | } | |
| | } | |
| Defendants. | } | |

## *DEFENDANT COLLECTION LAW CENTER, P.C.'S REPLY TO PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE*

Defendant Collection Law Center, P.C., by and through its attorneys, Richard

G. Schneebeck and Khale J. Lenhart, hereby submits its reply to Plaintiff Cathy Lance's

(Lance) *Plaintiff's Response to Court's Order to Show Cause* (the "*Response*"):

1.     This Court entered an *Order to Show Cause* on July 5, 2012, directing Lance to show cause why the Court should not dismiss Defendants Rocky L. Edmonds (Edmonds) and Gerald K. Russell (Russell) due to Lance's failure to effect service of process on them.  Lance's *Response* asserts that she properly served Edmonds and Russell twice, once by certified mail and once by service through a commercial process server. *Response,* ¶ 15.  The facts asserted by Lance, however, affirmatively show that she has *not* validly served either Edmonds or Russell.  Because Lance has not validly served Edmonds and Russell within the timeframe required by the Federal Rules of Civil Procedure, the Court should dismiss her claims against them. Fed. R. Civ. P. 4(m).

2.     First, Lance asserts that her service by certified mail was valid.  The Court already disposed of this contention when it denied Lance's *Request for Entry of Default and Default Judgment* (see attached).  The Court correctly ruled that service by certified mail on the defendants in this case did not comply with the Federal Rules of Civil Procedure.  Lance has demonstrated no grounds for overturning this decision, and so the Court's prior ruling that service by certified mail was not valid service in this case should stand.

3.     Lance also asserts that her service by a registered process server was valid.  However, Lance's affidavit, process server Tim Weinhandl's (Weinhandl) affidavit,

and the Return of Service, all of which are attached to Lance's *Response*, show that service by Weinhandl also did not comply with the Federal Rules of Civil Procedure.[1]

4.  Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual may be served by (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" (3) delivering a copy of the complaint and summons to the individual's registered agent; or (4) other methods permitted by state law in the state where the district court is located.  The service reflected in the return of service and Weinhandl's affidavit is not valid under any of these methods.

5.  Lance contends that service was accomplished by Weinhandl's delivery of the *Complaint* and *Summons* to Jolene Shinkel, office manager for Collection Center, Inc.  *But see supra* ¶3, n.1 and *infra* ¶6.  This service is invalid as to any of the defendants, as it clearly does not fit under any of the prescribed methods of service under the federal rules – it was not personal service, service at the defendants' dwelling, or service on

---

[1] Furthermore, this service was also invalid as to Collection Law Center, P.C.  Weinhandl's affidavit and the return of service show that service was made on Jolene Schinkel.  Ms. Shinkel is an employee of Collection Center, Inc., not Collection Law Center, P.C.  As such, no valid service has ever been made on Collection Law Center, P.C.  Collection Law Center, P.C. has stated insufficiency of service as an affirmative defense in its answer and expressly reserves the defense here.

a registered agent – and also fails to fit under any of the methods permitted in the Wyoming Rules of Civil Procedure.

6.      Rule 4(d)(1) of the Wyoming Rules of Civil Procedure provides for the same methods of service as Rule 4(e) of the federal rules, with a single additional method of service:  by delivery of the *Complaint* and *Summons* "at the defendant's usual place of business with an employee of the defendant then in charge of such place of business[.]"  Lance's service on Jolene Shinkel is not valid under this method to effect service on Edmonds and Russell.  Jolene Shinkel is an employee of Collection Center, Inc., not Collection Law Center, P.C. *Affidavit of Gerald Russell*, ¶ 4.  These are separate entities with separate employees. *Id.* at ¶ 5.  Neither Edmonds nor Russell are employees of Collection Center, Inc. *Id.* at ¶ 3; *Affidavit of Rocky Edmonds*, ¶ 3.  As such, Collection Center, Inc., is not the defendants' usual place of business, and Jolene Schinkel is not an employee of the defendants.  Service on Schinkel therefore does not comply with Rule 4(d)(1) of the Wyoming Rules of Civil Procedure.

7.      No other methods of service are available to Lance in this case. Lance failed to serve the defendants Rocky Edmonds and Gerald Russell within the 120 day time period required by Rule 4(m) of the Federal Rules of Civil Procedure.  Accordingly, the Court should enter an Order dismissing Lance's claims against Edmonds and Russell.  Fed. R. Civ. P. 4(m).

Dated:  25 July 2012.

COLLECTION LAW CENTER, P.C.,
Defendant

BY: _____
**RICHARD G. SCHNEEBECK, #5-2395**
**KHALE J. LENHART, #7-4581**
OF HIRST APPLEGATE, LLP
Attorneys for Above-Named Defendants
1720 Carey Avenue, Suite 400
P. O. Box 1083
Cheyenne, WY 82003-1083
(307) 632-0541

### *CERTIFICATE OF SERVICE*

I certify the foregoing **Defendant Collection Law Center, P.C.'s Reply to Plaintiff's Response to Court's Order to Show Cause** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 25 July 2012, and that copies were served as follows:

Cathy L. Lance
4006 Inverness Court
Riverton, WY 82501
rlance@bresnan.net

[ ✓ ] U.S. MAIL
[   ] FED EX
[   ] FAX
[   ] HAND DELIVERED
[   ] ELECTRONIC MAIL

_____
OF HIRST APPLEGATE, LLP
Attorneys for Above Defendant

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

**JAN 0 9 2012**

Stephan Harris, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

| | |
|---|---|
| CATHY L. LANCE,<br><br>    Plaintiff,<br><br>    vs.<br><br>ROCKY L. EDMONDS, ATTORNEY<br>AT LAW; ROCKY L. EDMONDS,<br>individually, COLLECTION LAW<br>CENTER, P.C., GERALD K. RUSSELL,<br>President, GERALD K. RUSSELL.<br>individually, and DOES 1-10,<br><br>    Defendants. | Case No. 11-CV-359-F |

---

## ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT

---

This matter is before the Court on Plaintiff's Request for Entry of Default and Default Judgment. The Court has reviewed Plaintiff's request and is fully informed in the premises.

A default judgment is void if there is no personal jurisdiction over the Defendants. *Hukill v. Okla. Native Am. Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008). Service of process under Fed. R. Civ. P. 4 provides the mechanism by which a court asserts jurisdiction over the person of the party served. *Id.*

Here, Plaintiff improperly served Defendants. As Plaintiff's motion and supporting certificate of service demonstrate, Plaintiff attempted to serve Defendants by certified mail. However, this is improper under Fed. R. Civ. P. 4(e) and 4(h)(1). Since proper service is necessary for the Court to exercise personal jurisdiction over the Defendants, and Plaintiff failed to properly serve Defendants, default judgment is improper.

Accordingly, the Court finds that Defendants have not been properly served with process and entry of default is therefore not warranted. IT IS ORDERED that Plaintiff's Request for Entry of Default and for Default Judgment is DENIED.

Dated this ___9___ day of January, 2012.

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE

2

## *AFFIDAVIT OF ROCKLON "ROCKY" EDMONDS*

STATE OF Wyoming }
                  } SS
COUNTY OF Laramie}

        Rocky Edmonds, being first duly sworn, on his oath deposes and states as follows:

        1.     I am over 18 years of age, and am competent to execute this affidavit, which I do based upon my own personal knowledge.

        2.     I am a shareholder in Edmonds & Russell, P.C., formerly known as Collection Law Center, P.C.  I have been purchasing the business since August 2006.

        3.     I am not now, nor have I ever been, an employee of Collection Center, Inc.

        4.     Jolene Shinkel is not an employee of Collection Law Center, P.C.  To the best of my knowledge, Jolene Shinkel is an employee of Collection Center, Inc.

        5.     Collection Law Center, P.C. (now Edmonds and Russell, P.C.) is a separate entity from Collection Center, Inc., with separate employees.

        Dated: 25 July 2012.

                    *Rocky Edmonds*
                    ROCKY EDMONDS

        Subscribed, sworn to, and acknowledged before me by ROCKY EDMONDS, this 25th day of July 2012.  Witness my hand and official seal.  My commission expires: 10-15-14_____.

                    *Patricia D. Yocum*
                    NOTARY PUBLIC

S E A L


PATRICIA D. YOCUM · NOTARY PUBLIC
COUNTY OF LARAMIE · STATE OF WYOMING
MY COMMISSION EXPIRES OCT. 15, 2014



## AFFIDAVIT OF GERALD K. RUSSELL

STATE OF _Wyoming_ }
 } SS
COUNTY OF _Carbon_ }

Gerald K. Russell, being first duly sworn, on his oath deposes and states as follows:

1.    I am over 18 years of age, and am competent to execute this affidavit, which I do based upon my own personal knowledge.

2.    I am a previous shareholder in Russell & Edmonds, P.C., formerly known as Collection Law Center, P.C.  I had previously been a shareholder since May 13, 1993 up to the date of sale of all of my shares to Rocklon Edmonds on or about August 1, 201 .

3.    I am not now, nor have I ever been, an employee of Collection Center, Inc.

4.    Jolene Shinkel is not an employee of Collection Law Center, P.C.,  Of my personal knowledge, Jolene Shinkel is an employee of Collection Center, Inc.

5.    Collection Law Center, P.C. (now Russell and Edmonds, P.C.) is a separate entity from Collection Center, Inc., with separate employees.

Dated: _24_ July 2012.

GERALD K. RUSSELL

Subscribed, sworn to, and acknowledged before me by GERALD K. RUSSELL, this _24_ day of July 2012. Witness my hand and official seal. My commission expires: _2 - 10 - 13_.

SEAL                                    _____
                                        NOTARY PUBLIC

